IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| PHILLIP R. KELLEY, Individually and as Administrator of the Estate of Meranda I. Kelley, Deceased, | ) ) ) ) | Civil Action No: 1:18-cv-290 |
| | ) | (Judge _____) |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| MERCY HEALTH - FAIRFIELD HOSPITAL, LLC, | ) ) ) ) | |
| and | ) ) | |
| CHARLES A. HUFF, N.P., | ) ) | |
| and | ) ) | |
| EMILY N. WOODALL, P.A., | ) ) | |
| and | ) ) | |
| ZULFIKAR A. SHARIF, M.D., | ) ) | COMPLAINT FOR MEDICAL NEGLIGENCE AND WRONGFUL |
| and | ) ) | DEATH |
| DANIEL C. ECKERT, M.D., | ) ) | (Jury Demand Endorsed Hereon) |
| and | ) ) | |
| WILLIAM H. COOK, M.D., | ) ) | |
| and | ) ) | |
| CHARLES L. MESH, M.D., | ) ) | |
| and | ) ) | |
| MERCY HEALTH PHYSICIANS, LLC dba Mercy Health - Cardiovascular and Thoracic Surgeons, | ) ) ) ) | |

|  |  |
|---|---|
| and | ) |
|  | ) |
| MERCY HEALTH PHYSICIANS | ) |
| CINCINNATI, LLC, dba Mercy Health - | ) |
| The Heart Institute, | ) |
|  | ) |
| and | ) |
|  | ) |
| JOHN DOES (1-99) | ) |
| (Names and addresses unknown), | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

Plaintiff, Phillip R. Kelley, individually and as Administrator of the Estate of Meranda I. Kelley, deceased, for his Complaint for Medical Negligence and Wrongful Death, against Defendants, Mercy Health – Fairfield Hospital, LLC, Charles A. Huff, N.P., Emily N. Woodall, P.A., Zulfikar A. Sharif, M.D., William H. Cook, M.D., Charles L. Mesh, M.D., Daniel C. Eckert, M.D., Mercy Health Physicians, LLC, dba Mercy Health – Cardiovascular and Thoracic Surgeons, Mercy Health Physicians Cincinnati, LLC, dba Mercy Health – The Heart Institute, Fairfield, and John Does (1-99), states and alleges as follows.

I. PARTIES, JURISDICTION AND VENUE

1. Pursuant to letters of administration issued by the Circuit Court of Fayette County, Indiana, in <u>In re Estate of Meranda Irene Kelley</u>, Case No. 21C01-1612-EU-65, Plaintiff, a citizen and resident of Connorsville, Indiana, is the duly appointed administrator of the Estate of Meranda Irene Kelley, deceased.

2. At all relevant times, Plaintiff's decedent and spouse, Meranda I. Kelley, was a citizen and resident of Connersville, Indiana.

2

3. Defendant, Mercy Health – Fairfield Hospital, LLC ("Fairfield Hospital"), is an Ohio non-profit limited liability company with its principal place of business in Fairfield, Ohio.

4. Charles A. Huff, N.P., is a licensed nurse practitioner and a citizen and resident of Liberty Township, Butler County, Ohio.

5. Emily N. Woodall, P.A., is a licensed physician assistant and a citizen and resident of Fairfield, Ohio.

6. Defendant, Zulfikar A. Sharif, M.D., is a licensed physician specializing in cardiothoracic surgery and a citizen and resident of Cincinnati, Ohio.

7. Defendant, William H. Cook, M.D., is a licensed physician specializing in cardiothoracic surgery and a citizen and resident of Blue Ash, Ohio.

8. Defendant, Charles L. Mesh, M.D., is a licensed physician specializing in vascular surgery and a citizen and resident of Cincinnati, Ohio.

9. Defendant, Daniel C. Eckert, M.D., is a licensed physician specializing in cardiology and a citizen and resident of Mason, Ohio.

10. Defendant, Mercy Health Physicians, LLC, dba Mercy Health – Cardiovascular and Thoracic Surgeons ("MHP"), is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio.

11. Defendant, Mercy Health Physicians Cincinnati, LLC, dba Mercy Health – The Heart Institute, Fairfield ("MHPC"), is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio.

12. Defendants, John Does (1-99), are persons or entities, whose identities and addresses are currently unknown to Plaintiff, who are citizens of Ohio, and who are liable for injuries sustained by Plaintiff and his decedent.

13. This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. This court has personal jurisdiction over the defendants, because they are citizens and residents of Ohio and this judicial district, and because the events giving rise to Plaintiff's claims occurred in this judicial district.

15. Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)(1), because at least one of the defendants resides in this judicial district, and all defendants reside in the State of Ohio.

16. Venue is also proper in this court pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

17. This action has been timely filed pursuant to Sections 2305.113(B)(1) and 2125.02(D)(1) of the Ohio Revised Code.

II. FACTS COMMON TO ALL CLAIMS FOR RELIEF

18. On Saturday, October 22, 2016, Plaintiff's decedent, 56, was discharged from Fairfield Hospital after undergoing a two-vessel coronary artery bypass graft operation.

19. During her thirteen-day Fairfield Hospital admission ending on Saturday, October 22, 2016, Plaintiff's decedent was under the direct care and supervision of Defendants Huff, Sharif, Cook, Eckert, and John Does (1-99).

4

20. During her thirteen-day Fairfield Hospital admission ending on Saturday, October 22, 2016, Defendants Huff, Sharif, Cook, Eckert, and John Does (1-99) failed to screen Plaintiff's decedent for heparin-induced platelet antibody within applicable medical and nursing standards of care.

21. During her thirteen-day Fairfield Hospital admission ending on Saturday, October 22, 2016, Defendants Huff, Sharif, Cook, Eckert, and John Does (1-99) failed to diagnose and treat Plaintiff's decedent's susceptibility to heparin-induced thrombocytopenia and thrombosis thereby breaching applicable medical and nursing standards of care.

22. On Friday, October 28, 2016, Plaintiff's decedent returned to the emergency department of Fairfield Hospital with symptoms of widespread arterial and venous thrombosis, and pulmonary emboli.

23. On Friday, October 28, 2016, Defendants Woodall, Mesh and John Does (1-99) ordered heparin as a remedy for Plaintiff's decedent's symptoms of widespread arterial and venous thrombosis and pulmonary emboli before adequately screening her for heparin-induced platelet antibody.

24. On Friday, October 28, 2016, Defendants Woodall, Mesh and John Does (1-99) failed to diagnose and treat Plaintiff's decedent's susceptibility to heparin-induced thrombocytopenia and thrombosis thereby breaching applicable medical standards of care.

25. Just after midnight on Saturday, October 29, 2016, Plaintiff's decedent had a massive ischemic stroke; whereupon, she was transferred to the University of Cincinnati Medical Center for evaluation and treatment by its stroke team.

26. During her fifteen-hour Mercy Health – Fairfield Hospital admission ending on Saturday, October 29, 2016, Plaintiff's decedent was under the direct care and supervision of Defendants Woodall, Mesh and John Does (1-99).

27. On Saturday, October 29, 2016, at 7:11 p.m., Plaintiff's decedent died at University of Cincinnati Medical Center due to complications of a massive ischemic stroke caused by heparin-induced thrombocytopenia and thrombosis.

## FIRST CLAIM FOR RELIEF
(Medical Negligence against Defendants Huff, Sharif, Cook, Eckert, and John Does (1-99))

28. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 27 above as if fully rewritten herein.

29. At all relevant times, Defendants, Huff, Sharif, Cook, Eckert and John Does (1-99), each had a legal duty to exercise the degree of skill, care, knowledge and diligence of reasonable medical practitioners in their specialties relative to their diagnoses, care and treatment of Plaintiff's decedent, Meranda Kelley.

30. At all relevant times, Defendants, Huff, Sharif, Cook, Eckert and John Does (1-99), each breached their legal duties of care by failing to screen Plaintiff's decedent for heparin-induced platelet antibody within applicable medical and nursing standards of care.

31. At all relevant times, Defendants, Huff, Sharif, Cook, Eckert and John Does (1-99), each breached their legal duties of care by failing to diagnose and treat Plaintiff's decedent for her susceptibility to heparin-induced thrombocytopenia and thrombosis.

32. As a direct and proximate result of the aforementioned breaches of legal duty, Plaintiff's decedent contracted avoidable heparin-induced thrombocytopenia and thrombosis.

33. As a direct and proximate result of the aforementioned breaches of legal duty, Plaintiff's decedent suffered severe pain, suffering, disability, and emotional distress, and

6

incurred medical expenses exceeding $75,000, along with other economic and non-economic losses.

34. As a direct and proximate result of the negligence of Defendants, Huff, Sharif, Cook, Eckert and John Does (1-99), Plaintiff's decedent was damaged in an amount to be determined at trial, which amount exceeds $75,000.

## SECOND CLAIM FOR RELIEF
(Medical Negligence against Defendants Woodall, Mesh and John Does (1-99))

35. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 34 above as if fully rewritten herein.

36. At all relevant times, Defendants Woodall, Mesh and John Does (1-99) had a legal duty to exercise the degree of skill, care, knowledge and diligence of a reasonable medical practitioners in their fields relative to their diagnoses, care and treatment of Plaintiff's decedent, Meranda Kelley.

37. At all relevant times, Defendants Woodall, Mesh and John Does (1-99) breached their legal duties of care by failing to screen Plaintiff's decedent for heparin-induced platelet antibody within applicable medical standards of care.

38. On Friday, October 28, 2016, Defendants Woodall, Mesh and John Does (1-99) failed to diagnose and treat Plaintiff's decedent's susceptibility to heparin-induced thrombocytopenia and thrombosis thereby breaching applicable medical standards of care.

39. On Friday, October 28, 2016, Plaintiff's decedent received heparin on orders from Defendants Woodall, Mesh and John Does (1-99) in breach of applicable medical standards of care

40. As a direct and proximate result of the aforementioned breaches of legal duty, Plaintiff's decedent contracted avoidable heparin-induced thrombocytopenia and thrombosis.

7

41. As a direct and proximate result of the aforementioned breaches of legal duty, Plaintiff's decedent suffered severe pain, suffering, disability, and emotional distress, and incurred medical expenses exceeding $75,000, along with other economic and non-economic losses.

42. As a direct and proximate result of the negligence of Defendants Woodall, Mesh and John Does (1-99), Plaintiff's decedent was damaged in an amount to be determined at trial, which amount exceeds $75,000.

### THIRD CLAIM FOR RELIEF
(Wrongful Death)

43. Plaintiff incorporates by reference the allegations in paragraphs 1 through 42 above as if fully rewritten herein.

44. Plaintiff's decedent died on October 29, 2016, due to acute complications of a massive and preventable ischemic stroke as a direct and proximate result of heparin-induced thrombocytopenia and thrombosis and Defendants' negligence.

45. Plaintiff's decedent is survived by her husband, Plaintiff, Phillip R. Kelley, who is a beneficiary of this action.

46. Plaintiff's decedent, age 56, had a life expectancy of more than ten years at the time of her death.

47. Plaintiff has suffered damages for the loss of his decedent's society over her life expectancy, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, and counsel.

48. Plaintiff has also suffered damages for the mental anguish caused by his wife's death.

49. As a direct and proximate result of Defendants' negligence, and the consequential death of Meranda Kelley, Mrs. Kelley's beneficially entitled next of kin are entitled to damages under Ohio's Wrongful Death Statute, Chapter 2125 of the Ohio Revised Code, including without limitation:

    a. Reasonable medical, hospital, funeral and burial expenses;

    b. conscious pain and suffering;

    c. loss of financial support;

    d. loss of services;

    e. loss of society and companionship;

    f. loss of advice, guidance, counsel, instruction, training and education;

    g. loss of gifts and other valuable gratuities; and

    h. mental anguish incurred by the beneficially entitled next of kin.

### FOURTH CLAIM FOR RELIEF
(Vicarious Liability against Corporate Defendants)

50. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 49 above as if fully rewritten herein.

51. At all relevant times, Defendants Huff, Woodall, and John Does (1-99) were employees or agents of Fairfield Hospital acting within the course and scope of their employment or agency.

52. At all relevant times, Defendants Sharif, Cook, Mesh, and John Does (1-99) were employees or agents of MHP acting within the course and scope of their employment or agency.

53. At all relevant times, Defendants Eckert and John Does (1-99) were employees or agents of MHPC acting within the course and scope of their employment or agency.

9

54. At all relevant times, Defendants John Does (1-99) were employees or agents of John Does (1-99) acting within the course and scope of their employment or agency.

55. Fairfield Hospital, MHP, MHPC, and John Does (1-99) are liable for the injuries and damages Plaintiff has sustained due to the negligence of their employees or agents under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff, Phillip R. Kelley, individually and as Administrator of the Estate of Meranda I. Kelley, deceased, demands judgment against the defendants, jointly and severally, for the damages naturally and proximately resulting from their negligence, which damages far exceed the sum of $75,000, and to be proven at trial, for the costs of these proceedings, and for such other and further relief at law or in equity to which they are entitled under Ohio law.

Respectfully submitted,

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney (0036843)
Danielle A. Groves (0081136)
Mitchell J. Anderson (0086950)
INTILI & GROVES CO., L.P.A.
2300 Far Hills Avenue
Dayton, Ohio  45419-1550
(937) 226-1770; Fax:  (937) 281-1562
E-mails:   tom@igattorneys.com
           danielle@igattorneys.com
           mitch@igattorneys.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

/s/ Thomas J. Intili
Thomas J. Intili, Trial Attorney for Plaintiff