# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| PHILLIP R. KELLEY, Individually and as Administrator of the Estate of Meranda I. Kelley, Deceased | : : : | Case No. 1:18-cv-290 |
| | : | Judge Timothy S. Black |
| Plaintiff, | : : | |
| vs. | : : | |
| MERCY HEALTH – FAIRFIELD HOSPITAL, LLC, *et al.*, | : : : : | |
| Defendants. | : : | |

## ORDER GRANTING
## DEFENDANTS' MOTIONS TO DISMISS

This civil action is before the Court upon Defendants Mercy Health-Fairfield Hospital, LLC, Charles A. Huff, N.P., Zulfikar A. Sharif, M.D., Daniel C. Eckert, M.D., William H. Cook, M.D., Charles L. Mesh, M.D., Mercy Health Physicians Cincinnati, LLC dba Mercy Health – Cardiovascular and Thoracic Surgeons, and Mercy Health Physicians Cincinnati, LLC dba Mercy Health – The Heart Institute's motion to dismiss (Doc. 11) and the parties' responsive memoranda (Docs. 12 and 15), and Defendant Emily Woodall, P.A.'s motion to dismiss[1] (Doc. 14) and the Plaintiff's responsive memoranda (Doc. 16).

---

[1] The Court notes that the Motion to Dismiss filed by Defendant Emily Woodall (Doc. 14) is actually a motion for judgment on the pleadings pursuant to Rule 12(c) because it was filed after the filing of an answer (Doc. 13). The standard of review, however, is the same. *Lindsay v. Yates,* 498 F.3d 434, 437 n.5 (6th Cir. 2007).

1

# I. BACKGROUND

This diversity case involves allegations of medical malpractice and wrongful death brought by Plaintiff individually and as administrator of the estate of Meranda Kelley, Plaintiff's deceased wife. Plaintiff alleges that Ms. Kelley was discharged from Fairfield Hospital on October 22, 2016 after undergoing a two-vessel coronary artery bypass graft operation. (Doc. 1 at ¶ 18). Plaintiff alleges that Defendants failed to screen Ms. Kelley for herapin-induced platelet antibody and herapin-induced thrombocytopenia and thrombosis thereby breaching applicable medical and nursing standards of care. (*Id.* at ¶¶ 20–21). Ms. Kelley returned to the emergency department of Fairfield Hospital on October 28, 2016. She died the next day after a massive ischemic stroke allegedly caused by herapin-induced thrombocytopenia and thrombosis. (*Id.* at ¶¶ 22–26).

# II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

### III. ANALYSIS

Defendants argue that Plaintiff failed to file an affidavit of merit with the complaint, as is required by Ohio Civil Rule 10(D)(2) when bringing medical claims, and therefore Plaintiff's complaint should be dismissed. (Doc. 11 at 3; Doc. 14 at 4). It is undisputed that Plaintiff does not deny he failed to file an affidavit of merit with the complaint, but, instead, she argues that an affidavit of merit is not necessary in federal

court because Ohio Civil Rule 10(D)(2) has no force or application in this forum. (Doc. 12 at 1–2; Doc. 16 at 1).

The affidavit of merit requirement established in Ohio Civil Rule 10(D)(2) provides:

> [A] complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
>
> > (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
> >
> > (ii) A statement that the affiant is familiar with the applicable standard of care;
> >
> > (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Ohio Civ. R. 10(D)(2).

"[T]he purpose of the affidavit of merit is to establish the adequacy of the complaint and thus deter the filing of frivolous medical-malpractice claims." *Davis v. United States*, 302 F. Supp. 3d 951, 956 (S.D. Ohio 2017) (quoting *Troyer v. Janis*, 971 N.E.2d 862 ¶ 7 (Ohio 2012)).[2]

---

[2] The complaint here does not in any way appear to be frivolous.

It is well-established throughout Ohio federal courts that the affidavit of merit requirement is state substantive law. *Kollin v. City of Cleveland,* 2013 WL 10914611, at *3 (N.D. Ohio May 24, 2013); *Davis*, 302 F. Supp. 3d at 956 (citing *Willis v. U.S. Dep't of Veteran's Affairs*, 2013 WL 3155785, at *3 (S.D. Ohio June 20, 2013)); *See Daniel v. United States,* 716 F.Supp. 2d 694 (N.D. Ohio 2010); *Bierbauer v. Manenti*, 2010 WL 4008835 (N.D. Ohio Oct.12, 2010), *Nicholson v. Collins,* 2009 WL 4147884 (S.D. Ohio Nov. 23, 2009), *Nicholson v. Catholic Health Partners,* 2009 WL 700768 (N.D. Ohio Mar. 13, 2009); *Perotti v. Medlin,* 2009 WL 723230 (N.D. Ohio Mar.16, 2009). While Plaintiff points to some cases finding Rule 10(D)(2) to be procedural (*see* Doc. 12 at 2), one case Plaintiff cites even notes "[a] majority of Ohio federal courts, including this Court, have found Rule 10(D)(2)'s affidavit of merit requirement to be substantive pursuant to the *Erie* doctrine and thus applicable in federal court." *Larca v. United States*, 302 F.R.D. 148, 157 (N.D. Ohio 2014).

While the Sixth Circuit has not ruled on whether Rule 10(D)(2) is substantive or procedural, it has held that a plaintiff's failure to comply with a Tennessee medical malpractice pleading requirement warranted dismissal. *Reed v. Speck*, 508 F. App'x 415, 423–24 (6th Cir. 2012). Moreover, other circuits that have analyzed similar "affidavit of merit" requirements have found those provisions to be substantive law. *See Gipson v. United States,* 631 F.3d 448, 452 (7th Cir. 2011); *Bramson v. Sulayman,* 251 F. App'x 84, n. 2 (3d. Cir. 2007); *Cestnik v. Fed. Bureau of Prisons,* 84 F. App'x 51, 53–54 (10th Cir. 2003); *Chamberlain v. Giampapa,* 201 F.3d 154, 161 (3d Cir. 2002); *Trierweiler Croxton*

*and Trench Holding Corp.* 90 F.3d 1523, 1541 (10th Cir. 1996). For these reasons, the Court agrees with the majority of Ohio federal courts in finding that Rule 10(D)(2)'s affidavit of merit requirement is state substantive law.

When a plaintiff fails to file the required affidavit of merit, the court should dismiss the medical claims without prejudice. *See, e.g., Kollin*, 2013 WL 10914611, at *3; *Kennedy v. U.S. Veteran's Admin.,* 2013 WL 5524686, at *4 (S.D. Ohio Oct.4, 2013); *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St. 3d 167, 2008 Ohio 5379, 897 N.E.2d 147, 151 (Ohio 2008). Accordingly, due to Plaintiff's failure to file the required affidavit of merit, dismissal of her claims without prejudice is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Docs. 11 and 14) are **GRANTED,** and Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice.** The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:     11/15/18

Timothy S. Black
United States District Judge